IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | CRIMINAL NO. 3:22-CR-122-JAG |
| | ) | |
| RICARDO HORNE, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## **POSITION ON SENTENCING**

The United States of America, by and through its attorneys, Jessica D. Aber, United States Attorney for the Eastern District of Virginia, and Kenneth R. Simon, Jr., and Jessica L. Wright, Assistant United States Attorneys, hereby submits this position on sentencing for defendant Ricardo Horne.

The offenses in this case are brazen, dangerous, and warrant significant punishment for each defendant. Horne has amassed nine criminal convictions, including four felonies for drug possession and one for being a felon in possession of a firearm. These convictions land him in criminal history category VI. Over the course of 12-days, the defendant and his co-defendants Michael Brown and Rashanda Booker committed multiple armed robberies of local dollar stores.

On April 17, 2022, Horne and Brown forcefully grabbed Family Dollar employee J.T. as he sought to empty trash prior to the store opening. Brown, holding a semiautomatic pistol that belonged to his sister, guided J.T. to a safe inside the store and held him at gunpoint near the safe while emptying it. J.T. was so close to the pistol that he could see the color and pattern of the tape on the grip of the pistol. The defendant stood watch and maintained control over a customer as

well as another terrified Family Dollar employee, M.H.  Altogether, they obtained approximately $10,000 from Family Dollar—money they used to buy high-end shoes at a boutique shoe store. Between the two robberies in this case, Horne and Brown directed Booker to purchase new pistol for the second robbery.  She did so on April 22, 2022.  Six days later, Dollar General employees A.E. and C.W. found themselves in the same position as Family Dollar employees J.T. and M.H. Brown entered the store carrying a semiautomatic pistol alongside Horne. After Horne grabbed control of C.W., the two men took C.W. to find Dollar General manager A.E. who could open the safe.  Brown held A.E. at gunpoint near the safe while Horne maintained control of employee C.W. Notably, several customers, including a woman and her young son, were shopping in the store at the time of the robbery.

The United States concurs with the Probation Officer's determination that the defendant has a total offense level of 28, criminal history category of VI, and an applicable guideline range of 140-175 months' imprisonment.  The Court should impose a sentence of 144 months' imprisonment.

## I.  BACKGROUND

On April 17, 2022, Horne drove Brown and Booker to Family Dollar located at 7 East 16th Street, Richmond, Virginia, 23224, to commit an armed robbery with Brown.  Presentence Investigation Report ("PSR"), ECF No. 101, ¶ 7.  Horne drove Booker's Blue Toyota sedan bearing license plate number UTW 7783 near the rear area of the Family Dollar.  Brown and Horne encountered Family Dollar employee J.T., as J.T. was emptying the trash.  J.T. became startled as both men were walking toward him wearing blue overalls.  Brown and Horne also wore masks to cover their faces.  Before J.T. could enter back into the Family Dollar, Brown and Horne forced the door back open, grabbed J.T., and directed him into the main area of the Family Dollar.

Brandishing a firearm, Brown directed J.T. to lay on the ground as Brown emptied a safe that held United States currency belonging to the Family Dollar.  Horne stood watch and maintained control of the remaining Family Dollar employees and customers.  Once Brown took all the United States currency from the safe, Brown then took United States currency from the Family Dollar register.  Altogether, Brown and Horne stole $10,723.81 belonging to the Family Dollar.  Horne's share of the stolen money was approximately $800.  Brown and Horne then forced Family Dollar employees M.M. and J.T. along with customer C.T. to the rear of the store as they exited.  Horne then drove Brown and Booker away from the armed robbery.

On April 22, 2022, Booker went to Cabela's, a federal firearms licensee, located at 5000 Cabela Drive, Henrico, Virginia 23233 to purchase a firearm.  Booker purchased a Taurus, Model G3C, 9mm, semi-automatic pistol bearing serial number ADB964342.  When purchasing the firearm, Booker filled out an ATF Form 4473 attesting that she was the "actual buyer" of the Taurus pistol.  Booker stated that she was the actual buyer, but that was not true.  Rather, Booker purchased the Taurus, Model G3C, 9mm, semi-automatic pistol, bearing serial number ADB964342, so that Brown and Horne, both convicted felons, could use the firearm.  Horne counseled Booker on the type of firearm to purchase.

On April 28, 2022, Brown and Horne arrived at the Dollar General, 3903 Walmsley Boulevard, Richmond, Virginia, 23234, to commit another armed robbery.  This time, Brown and Horne arrived in a different car and used Booker and her Blue Toyota sedan bearing license plate number UTW 7783 as the getaway driver.  Booker participated in this event with knowledge that Brown and Horne would commit an armed robbery of the Dollar General.

Brown and Horne entered the Dollar General wearing masks and sweatshirts.  Brown brandished the Taurus, Model G3C, 9mm, semi-automatic pistol, bearing serial number

ADB964342, at employee C.W. and, along with Horne, directed her to get the manager.  Brown then walked C.W. at gunpoint to a back room where manager A.E. was working.   Brown and Horne directed A.E. to turn over money from the Dollar General.   Brown and Horne walked A.E. and C.W. at gun point to the register where they turned over approximately $910 that belonged to the Dollar General.   Among the money taken from the Dollar General was a GPS tracker.  Brown and Horne exited the store with the United States currency, entered Booker's car, and then drove off.  As Booker drove, Brown and Horne changed their clothing.  Law enforcement began to follow the GPS tracker and discovered, Booker, Co-Conspirator #1, and Horne in Booker's Blue Toyota sedan bearing license plate number UTW 7783.

Brown and Horne exited the car and began to flee before being apprehended.  Among the items recovered by law enforcement were the clothing worn during the armed robbery by Brown and Horne of the Dollar General, the Taurus, Model G3C, 9mm, semi-automatic pistol bearing serial number ADB964342 used during that robbery, and a Family Dollar bag.

The grand jury returned a four-count Indictment on August 16, 2022, charging the defendant in two counts with Conspiracy to Commit Robbery Affecting Commerce, in violation of 18 U.S.C. § 1951 (Count One) and Robbery Affecting Commerce, in violation of 18 U.S.C. § 1951(a) (Count Two).  PSR ¶ 1.  The defendant pleaded guilty before this Court on October 17, 2022 to Counts One and Two, including admission to the additional robbery of the Family Dollar on April 17, 2022.  PSR ¶¶ 3,4.

## II.   POSITION ON SENTENCING

Federal courts imposing sentence are called upon to engage in a multi-step process, analyzing both the procedural and substantive contours of sentencing.  The first step in the process—the procedural concerns—requires that a district court correctly "calculate[] the defendant's advisory Guidelines range, consider[] the 18 U.S.C. § 3553(a) factors, analyze[] the

arguments presented by the parties, and sufficiently explain[] the selected sentence." *See United States v. Hames*, 757 F. App'x 244, 245 (4th Cir. 2018) (citing United *States v. Lynn*, 592 F.3d 572, 575–76 (4th Cir. 2010)).

"Next, the court must 'determine whether a sentence within that range serves the factors set forth in § 3553(a) and, if not, select a sentence [within statutory limits] that does serve those factors.'" *United States v. Diosdado-Star*, 630 F.3d 359, 363 (4th Cir. 2011) (*quoting United States v. Moreland*, 437 F.3d 424, 432 (4th Cir. 2006)). Specifically, Section 3553(a)(1) directs sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in" that section. These include: (1) the nature and circumstances of the offense, as well as the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A)-(D). In weighing these factors, the court is directed to consider the kinds of sentences available, pertinent policy statements, and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(3)-(6).

A consideration of each of these factors warrants a sentence of 144 months' imprisonment.

A.   <u>Nature, Circumstances, and Seriousness of Offense</u>

The defendant, alongside two others, schemed to commit two armed robberies that placed innocent victims in fear for their lives. The guideline range in this case for the defendant considers three aggravating factors—two robberies, the brandishing of a firearm at both robberies, and the abduction of the employees. The first of the two robberies presented particularly disturbing tactics.

Family Dollar employee J.T. observed both Horne and Brown walking toward him wearing blue overalls and masks as he sought to empty trash in a dumpster outside the store. Recognizing the potential threat, J.T. tried to rush back into the store. Horne and Brown grabbed him and kept him from shutting the door. Brown, wielding a black semiautomatic pistol, and Horne helping maintain control, walked J.T. inside before encountering a frightened customer. The attached surveillance stills depict the sequence of events. *See Attachment 1*, Family Dollar Surveillance Stills. J.T. was held at gunpoint as Brown emptied the safe. He was so close to the pistol that he could make out the brown tape on the grip. The men used a notable amount of the money they stole to buy expensive tennis shoes from a boutique shoe store. *See Attachment 2*, Elite Kickz Surveillance Stills and Receipt.

The men did much the same thing when they entered the Dollar General 11 days later. Brown, wielding a pistol, and Horne alongside to maintain control, encountered Dollar General employee C.W. stocking shelves and forced her to the manager's office. Brown held the firearm to C.W.'s back and made clear to manager A.E. that the pistol was present and walked her to the safe. Like with J.T., Brown held A.E. nearby at gunpoint while he obtained money from the safe. Horne stood watch and control over others in the store. Contributing to the dangerousness of the situation, a mother and her juvenile son were in the store at the time of the robbery. *See Attachment 3*, Dollar General Surveillance Stills. Notably, the pistol used in this robbery was purchased six days earlier by Rashanda Booker at the best of both Horne and Brown.

Neither robbery took a notable amount of time to undertake. To be sure, the timespan of many armed robberies, including the defendant's, is short. Robberies are, by their nature, designed that way by the perpetrators. Yet, while short in time, these crimes rank among the most violent and leave lifelong scars for their victims. Particularly those victims who, like the victims in this

case, continue to interact with members of the public on a daily basis.  This backdrop alone warrants significant punishment.

Considered in its totality, the nature, circumstances, and seriousness of these offenses warrants a significant sentence.  And that is what the guideline range in this case calls for here. The United States respectfully submits that a sentence of 144 months' imprisonment appropriately reflects the nature, circumstances, and seriousness of the offense.

       *B.*       <ins>*History and Characteristics of the Defendant*</ins>

The defendant is a 41-year old man from Richmond, Virginia with a criminal history category of VI stemming from nine criminal convictions, including six felony convictions—two for grand larceny, three possession of controlled substance offenses, and possession of a firearm by a convicted felon.  PSR ¶¶ 43-54.  Evidenced in some ways by several of his criminal convictions, the defendant also explains that he has a drug addiction.  PSR ¶¶ 96-102.

The defendant's criminal history reveals a pattern of unabated criminal history.  Although his criminal history is largely non-violent, the defendant appears to not only use narcotics but, based on a review of evidence from his cellular phone, also engages in some street level dealing. The combustible nature of his lifestyle and criminal activity clearly peaked in this case.  And that particular reality warrants a significant sentence.  In other words, the defendant, now a 41-year old male with a serious criminal history, committed his most egregious offenses to date at the age of

40-years old.  Rather than seeing his criminal conduct lessen with age, the Court is presented with an individual whose conduct has worsened.

A sentence of 144 months' imprisonment reflects the defendant's history and characteristics.

    1.   <u>Seriousness of the Offense; Provide Adequate Punishment</u>

The offenses in this case are incredibly serious.  Men and women who reported to work on April 17, 2022 and April 28, 2022 had their lives forever changed in the span of minutes. Most of these victims continue to work in the customer service industry.  There is little doubt that their interaction with customers is different now than prior to these robberies.  As disconcerting, and emblematic of the danger inherent in commercial robberies, random members of the public—customers of these stores—were shopping at the time of the robberies.  The potential harm that could be done if one or both of the men lost control of the scene is palpable.  That is particularly so with the presence of semiautomatic pistols.

The Court should impose a sentence of 144 months' imprisonment.

    2.   <u>Need to Deter Future Criminal Conduct; Promote Respect for the Law</u>

The defendant comes to the Court with a considerable criminal history.  The longest term of imprisonment that he faced for any of his felony convictions appears to have been one year because of the substantial suspended time.   He has, however, had numerous probation violations that resulted in suspended time being revoked.  Those sentences appear to amount to roughly seven additional years of incarceration.  PSR ¶¶ 43, 44, 48, 49, 52.

These sentences did not deter defendant from engaging in more serious conduct in 2022. His most recent release from custody came in December 2020.  Less than two years after his release, he committed the violent offenses in this case.   Again, his most serious felonies to date.

This increasing criminality warrants a significant sentence to deter the defendant's future criminal conduct and promote respect for the law.   The Court should impose a sentence of 144 months.

       3.    <u>Need to Protect Public from Defendant's Future Criminal Conduct</u>

Although the defendant's criminal history does not reveal a pattern of violence prior to this case, the Court should impose a significant sentence to reflect both the defendant's general criminality over his adult life as well as the fact that he is now engaging in violent offenses at the age of 40.  A sentence of 144 months reflects the need to protect the public from future crimes by the defendant.

       4.    <u>Need to Avoid Unwarranted Disparities</u>

No unwarranted disparity will result in this case by imposing a sentence of 144 months' imprisonment.  This case presents three different co-conspirators with varying levels of culpability and varying gradations of criminal histories.   A sentence of 144 months will not result in an unwarranted disparity between the defendant and others similarly situated.

### III.   CONCLUSION

For the reasons stated above, the United States submits that the Court should impose a sentence of 144 months' imprisonment.

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

By:      _____/s/_____
           Kenneth R. Simon, Jr.
           Assistant United States Attorney
           VSB No. 87998
           United States Attorney's Office
           Eastern District of Virginia
           919 E. Main Street, Suite 1900
           Richmond, VA 23219

(804) 819-5400
Fax: (804) 771-2316
Email: Kenneth.Simon2@usdoj.gov